IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD KRUPA,

          Plaintiff,

   v.

COLUMBUS McKINNON CORP.,

          Defendant.

Case No. 15 c 6460

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Krupa brought this product liability action against Defendant Columbus McKinnon Corporation ("CMCO") on June 26, 2015, seeking damages for an injury sustained while using a Lodestar hoist at his workplace, Hearthside Food Solutions, LLC, on June 28, 2013. Before the Court is Defendant's Motion for Summary Judgment [ECF No. 27]. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

At the time the Lodestar hoist was designed and manufactured by CMCO, it was a state of the art product; it conformed with the American National Standard Institute standards for Overhead Hoists, the National Electric Code and the Occupational Safety and Health Act. Def.'s Mem. Ex. E, F, ECF No. 29. The hoist in question was manufactured by CMCO on December 8, 1986 and shipped to Hearthside to fulfil a customer order. *Id.* at Ex. E. Prior to shipment, CMCO employed a three-step quality control process to inspect the hoist —

as it did with each of its products — consisting of electrical and mechanical testing. *Id.* CMCO did not install the hoist at Hearthside. *Id.* According to CMCO's records, it never received any complaints about the hoist being defective or not operating properly. *Id.*

Plaintiff's injury occurred while he was using the hoist to suspend a 1,500 pound bag of sugar. *Id.* at Ex. B, D, G. Plaintiff had the bag suspended six feet in the air when he reached under it to remove some excess plastic lining and pull on a rope to release the sugar from the bag. *Id.* at Ex. D. As he did this, the bag fell on his right arm. *Id.* The Plant Manager was able to use the hoist to lift the bag off Plaintiff immediately, but Plaintiff sustained severe injuries to his arm as a result of the incident. *Id.* at Ex. B, D. Plaintiff took several photographs of the hoist shortly after the accident, but the hoist was never inspected for defects. *Id.* at Ex. G. Hearthside has since discarded the hoist. *Id.* at Ex. I.

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those that affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party." *Id.* In determining whether a genuine issue of material fact exists, the Court construes all evidence in the light most favorable to the non-moving party. *See, Bellaver v. Quanex Corp.,* 200 F.3d 485, 491-92 (7th Cir. 2000).

The moving party may meet its burden by showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). If the moving party satisfies its initial burden, the non-moving party must demonstrate "that a triable issue of fact remains on issues for which [it] bears the burden of proof." *Knight v. Wiseman,* 590 F.3d 458, 463–64 (7th Cir. 2009).

## III. **ANALYSIS**

As an initial matter, the Court addresses Plaintiff's argument that summary judgment would be premature and prejudicial at this stage in the proceedings because Plaintiff has "not had a full opportunity to conduct discovery." Pl.'s Resp. 5, ECF No. 30. The Court is unsympathetic to Plaintiff's position because he failed to conduct *any* discovery during the allotted discovery period or after the Court granted him two extensions to the discovery cutoff date. Despite CMCO pursuing discovery in various forms, Plaintiff did not serve CMCO with any document requests, interrogatories or deposition notices. Plaintiff provides no explanation for why he failed to make his requests before the close of discovery, nor has he explained precisely how additional discovery would generate a genuine issue of

material fact and help him avoid summary judgment. *See,* FED. R. CIV. P. 56(d) (authorizing further discovery prior to summary judgment if the non-movant submits an affidavit or declaration demonstrating "that, for specified reasons, it cannot present facts essential to justify its opposition"). Plaintiff has been given ample opportunity to conduct discovery relevant to his claims; he cannot now avoid summary judgment due to his own lack of diligence.

### A. Count I - Strict Product Liability

Defendant argues that Plaintiff's product liability claim based on a strict liability theory is barred by Illinois' statute of repose and therefore must be dismissed. Plaintiff does not contest this point. Under the Illinois statute of repose, such actions must be commenced within twelve years from the date the seller first sells, leases or delivers possession of the product in question. 735 ILCS 5/13-213(B). Here, delivery of the hoist occurred in December 1986; Plaintiff did not initiate this suit until nearly 29 years later. Therefore, the Court enters summary judgment in favor of CMCO on Count I.

### B. Count II – Breach of Warranty

Next, Defendant contends that Plaintiff's breach of warranty claim is barred by Illinois' four-year statute of limitations. 810 ILCS 5/2-725(1). Plaintiff counters that the hoist was subject to a lifetime warranty, and therefore the cause of action did not occur until the warranty was breached — when the hoist failed.

Under Illinois law, a cause of action for a breach of warranty claim accrues when the breach occurs. 810 ILCS 5/2-725(2). Generally, this occurs "when tender of delivery is made. . . ." *Id.* An exception to this rule applies where the "warranty explicitly extends to future performance of the goods," making discovery of the breach unlikely until such performance occurs. *Id.* In these limited circumstances, the cause of action for breach of warranty "accrues when the breach is or should have been discovered." *Id.* The term "explicit[]" in Section 2-725(2) means "[n]ot implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal." *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 454 (Ill. 1982) (alteration in original); *see also, Singer v. Sunbeam Prods., Inc.*, 2016 WL 1697777, at *2 (N.D. Ill. Apr. 28, 2016) (same); *Cosman v. Ford Motor Co.*, 674 N.E.2d 61, 65 (Ill. App. Ct. 1996) ("We require that the extension of a warranty to 'future performance' be explicit."). Moreover, to qualify for the exception under Section 2-725(2), Illinois courts require:

> [A]n explicit statement that the *goods*, not the *warrantor*, will perform in a certain way in the future. A promise to repair parts . . . for six years is a promise that the manufacturer will behave in a certain way, not a warranty that the [product] will behave in a certain way.

*Cosman,* 674 N.E.2d at 66.

Plaintiff's contention that the hoist was subject to a lifetime warranty and therefore falls within the exception under

Section 2-725(2) is flawed for two reasons.  First, it is unclear whether the hoist was actually subject to a lifetime warranty. Plaintiff's breach of warranty claim in the Complaint makes no reference whatsoever to a lifetime warranty, much less a claim that such a warranty was breached.  The only support Plaintiff offers for this allegation — made for the first time in his opposition to the motion for summary judgment — is an advertisement on CMCO's website stating that the hoist is "Made in the USA and comes with a lifetime warranty."  Pl.'s Resp. 3, ECF No. 30.  While this website may be evidence of the warranty on a hoist sold today, it does not speak to the warranty attached to a product manufactured and sold in 1986. For the hoist in question, CMCO points to the users' manual, which states the product was subject to a 1-year limited warranty. Def.'s Mem. Ex. F, ECF No. 29.

Even if the Court were to take Plaintiff's evidence as true and ignore CMCO's proof to the contrary, a second problem arises.  A statement that the hoist "comes with a lifetime warranty" is not an explicit extension of a warranty to future performance of the goods. Such a statement does not create a clear promise that the hoist will behave in a certain way.  *See, Cosman,* 674 N.E.2d at 66.  It could reasonably be a read as promise by the warrantor to repair the hoist during its lifetime, which does not qualify for the exception under Section 2-725(2).  The statement on the website is vague; even viewing it in the light most favorable to Plaintiff, this evidence

does not prove that the warranty "explicitly extends to future performance of the goods." Therefore, Section 2-725(2) does not apply to toll the four-year statute of limitations.

Because the hoist was delivered in December 1986 and Plaintiff did not commence this action until June 26, 2015, Plaintiff's breach of warranty claim is barred. Summary judgment in favor of CMCO is entered on Count II.

### C. Count III - Negligence

In Count III of the Complaint, Plaintiff alleges that CMCO negligently designed, manufactured, installed, maintained and inspected the hoist. CMCO contends that all proof establishes that the hoist was reasonably safe for its intended purposes at the time it left CMCO's control in 1986, CMCO had no further involvement with the hoist after that time, and therefore it could not have been negligent in the installation, inspection or maintenance of the product. In his response, Plaintiff appears to concede that the hoist was not negligently designed, manufactured or installed; instead, he focuses his argument on the negligent maintenance and inspection of the product. Specifically, Plaintiff argues that the hoist was inspected and maintained by Uesco Industries ("Uesco") acting as an agent of CMCO, Uesco was negligent in inspecting and maintaining the hoist, and CMCO is liable for this negligence as the principal of Uesco.

"An agency is a fiduciary relationship in which the principal has the right to control the agent's conduct and the agent has the power to act on the principal's behalf." *Powell v. Dean Foods Co.*, 7 N.E.3d 675, 696 (Ill. App. Ct. 2013). An agent's authority may be either actual or apparent, and actual authority may be either express or implied. *Saletech, LLC v. E. Balt, Inc.*, 20 N.E.3d 796, 803 (Ill. App. Ct. 2014). Actual express authority exists where "the principal explicitly grants the agent the authority to perform a particular act." *C.A.M. Affs., Inc. v. First Am. Title Ins. Co.*, 715 N.E.2d 778, 783 (Ill. App. Ct. 1999). Apparent authority, by contrast, arises where a principal has created the appearance of authority in an agent, and another party has reasonably and detrimentally relied upon the agent's appearance of authority. *Patrick Eng'g, Inc. v. City of Naperville,* 976 N.E.2d 318, 329-30 (Ill. 2012). Although the question of whether an agency relationship exists is a question of fact, a court may decide the issue as a matter of law if only one conclusion may be drawn from the undisputed facts. *Buckholtz v. MacNeal Hosp.,* 785 N.E.2d 162, 170 (Ill. App. Ct. 2003). The burden of proving the existence of an agency relationship is on the party seeking to charge the alleged principal. *Id.*

Plaintiff failed to mention Uesco in the Complaint, or plead the existence of an agency relationship between Uesco and CMCO. Nor did he allege this theory of liability in any of his discovery

responses. The only proof he provides in support of this theory is that Uesco is listed on CMCO's current website as a certified "CMCO Hoist Technician" and a "Warranty Center." Pl.'s Resp. 4, ECF No. 30. Plaintiff argues that by acquiring CMCO's certification and conducting inspection and repairs in the manner required by the certification program, Uesco was able to send claims to CMCO for costs and parts. Plaintiff further contends that this illustrates CMCO's significant level of control over the work performed by Uesco and other certified technicians.

Plaintiff does not point to any evidentiary support for his characterization of the relationship between CMCO and its certified technicians. Agency cannot arise out of Plaintiff's pure conjecture. The fact that CMCO has a program by which it certifies technicians and authorizes warranty centers, standing alone, does not suggest that CMCO has the "right to control the manner in which" the service technicians and warranty centers perform their work. This evidence is insufficient to show that the service technicians and warranty centers had "the ability to subject the principal to liability." *Powell,* 7 N.E.3d at 696.

More importantly, even if Plaintiff could establish the existence of an agency relationship between CMCO and Uesco, he has failed to present any evidence showing that: (1) Uesco ever inspected or serviced the hoist; (2) Uesco's alleged inspection and maintenance of the hoist was negligent; and (3) Uesco's negligence

proximately caused his injuries. On the record presented, neither CMCO nor Uesco had any involvement with the hoist after it was delivered to Hearthside. Therefore, there can be no finding of negligence. Summary judgment is entered in favor of CMCO on Count III.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment [ECF No. 27], is granted.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Dated: June 27, 2016